IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERTO JANERO,**
**D.O.C. #M16860,**
**ALIEN # A074-054-723,**

    Petitioner,

vs.                                    Case No. 4:11cv455-WS/WCS

**IMMIGRATION AND CUSTOM**
**ENFORCEMENT,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 in this Court on September 9, 2011.  Doc. 1.  Petitioner simultaneously filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, and ruling should be deferred on that motion.

At the present time, Petitioner is incarcerated within the Florida Department of Corrections and is currently housed at Everglades Correctional Institution.  Doc. 1. Petitioner seeks relief under § 2241 to have Respondent remove the detainer lodged against him, which Petitioner contends is causing him harm within the Department of Corrections.  Petitioner asserts that because there is no repatriation agreement with the

Republic of Cuba, Respondent will be unable to remove him and, thus, the detainer order should be lifted.[1]

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition. Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The simple and consistently applied rule in these cases is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Petitioner is confined in the Southern District of Florida and this action should be transferred to that Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by Petitioner Ezequiel Reyes, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 89(c) for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2011.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner alleges that he is serving a 15-year sentence. Doc. 1, p. 5. The website for the Department of Corrections indicates Petitioner entered their custody on November 18, 2009, after being convicted of three felonies, with each convicted listed as having a 15-year sentence imposed. At present, Petitioner's "current release date" is May 2, 2032, which is still approximately 21 years away.

Case No. 4:11cv455-WS/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:11cv455-WS/WCS